## WHITE and others v. LEE.

*(Circuit Court, D. Massachusetts. December 30, 1880.)*

1. LICENSEE—PLEA IN BAR.—A licensee cannot, by plea in bar, raise such issues as are usually made in answer to a suit for the infringement of the patent.

In Equity.

*James E. Maynadier*, for complainants.

*George L. Roberts & Bros.*, for defendant.

LOWELL, C. J. In this case I decided that the bill, upon its face, was wanting in equity, because it undertook to treat a licensee as an infringer, without showing a renunciation of the license. *White* v. *Lee*, 3 FED. REP. 222. The complainants have now amended their bill, and charge that the defendant has not furnished the statements and made the payments agreed upon between them, and praying that the defendant may be required to account for all shoes which he has made containing the patented improvements, or any material part thereof. Only one of the two patents mentioned in the lease, or license, is in controversy in this suit.

The defendant pleads in bar, admitting that he took a license, or "lease," under the original patent, No. 190,655, but alleging that the re-issue, No. 8,536, now sued on, was issued without his knowledge or consent; that by the terms

of his license it was mutually agreed that, in case of re-issue, the grant of license should be good thereunder, and the stipulations and agreements of the respective parties should be binding upon them in the same manner, and to the same extent, as though such re-issue had never been obtained; that the patented improvement which he was licensed to use was that recited and referred to in the claim of the original patent, which he sets out *in hæc verba;* that whatever may be the scope of the claims of the re-issue, No. 8,536, he is not answerable thereto, so far as they may be construed for subject-matter different from that embraced in the original claim, but that he has the same rights and is subject to the same obligations as if the re-issue had not been obtained; that he has never failed to keep any of his agreements contained in the lease, but has always kept them. This is set out in detail.

The question intended to be raised by this plea is whether the defendant is bound to account and pay for any shoes which would be an infringement of the claims of the re-issue, but would not infringe the single claim of the original patent. The language of the license is accurately set out in the plea, as far as it goes, but some other clauses may be useful in construing the instrument. The granting part, after referring to the two patents, gives the right to manufacture at the defendant's factory, in Athol, in the state of Massachusetts, and in no other place, during the term of said letters patent, and during any renewal or extension thereof, shoes containing the said patented improvements, or either of them, or any material or substantial part thereof. Then follow the stipulations for royalties, keeping accounts, etc. In the fifth stipulation, on the part of the defendant, he agrees not to contest the validity of the patents, or of any re-issue or renewal thereof, nor the sufficiency of the specifications, "or the validity of the licensor's title, nor the fact of his infringement in the manufacture and sale of said shoes." Thus far it seems to be the natural construction of the lease that if the defendant should be sued for royalties, after a re-issue, he must admit its valid-

ity, and the sufficiency of its specification, and that if he has made "said shoes"—that is, shoes embodying the patented invention, or any substantial and material part thereof—he cannot deny infringement. This last seems a contradictory and insensible stipulation, for the very question of infringement depends upon whether the defendant has made "said shoes." That, however, is not the question at present. Afterwards, there is the mutual stipulation, also numbered 5, quoted in the plea, that in case of re-issue the grant shall remain good, and the stipulations of the parties shall be binding upon them in the same manner and to the same extent as if the re-issue had never been obtained.

The defendant contends that, although he is liable to pay royalties under the re-issue, it is only to the same extent and in the same cases, in all respects, as if the single claim of the original patent were the only claim of the re-issued patent. My impression is that the fifth mutual agreement means that the parties are to remain bound under the re-issue substantially as if that had been the original patent. The idea, if that be it, is awkwardly expressed. Instead of saying, as if the re-issue had never been obtained, it should be, as if it had never been necessary to obtain it. But it seems very improbable that the parties should import into a re-issue a claim which is cancelled and of no effect, and, indeed, which has no existence except by their stipulation. The re-issue is presumed to be for the same invention. If not, it is void. Perhaps the defendant may be estopped to say it is void; but, as he is bound only for "said shoes," he may, perhaps, be permitted to show that the shoes he is asked to account for do not embody the invention, though he cannot say that the re-issue does not. This will depend upon the construction of his fifth agreement. If the re-issue should turn out to be for the same invention, I doubt very much whether the defendant will escape payment if he has used that invention, though it may have been imperfectly claimed at first. In other words, I doubt if the stipulation refers to the claim of the patent as necessarily and without possible amendment embodying the

whole invention. But, whatever may be the meaning of the stipulations in question, the defendant should answer the bill. The plea does not bring the case to a single decisive point. It raises the issues usually made in the answer to a patent suit, namely: upon the true construction of the re-issue, and of the license, and of the original patent; and, upon examination of what the defendant has done, to what extent has he infringed, not technically infringed, but made the patented thing, which, were it not for the license, would be an infringement, and which, under the license, gives the plaintiffs a claim for royalty? The patents are not, as yet, in the record, and I do not see how the issues can be intelligently decided without them. Stated in another way, the difficulty is that the plea admits a liability to account, but furnishes no account, nor the materials for making one. It is not an accounting in equity to say that you have accounted, unless there has been a stated account, which is not the averment here. The defendant was to keep accounts and render statements, and was to put upon each pair of shoes stamps of a certain sort. He says he has done all this; but he ought to say it by way of answer, that the plaintiffs may have the discovery they seek, and that the case may take the usual course and go to a master, if necessary, to have the account properly made up. The points raised in the plea will be equally available to the defendant in answer.

Case to stand for answer.